NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM DYE,<br><br>               Petitioner-Appellant,<br><br> v.<br><br>RON BARNES,<br><br>               Warden,<br><br>               Respondent-Appellee. | No.   16-15841<br><br>D.C. No.<br>2:12-cv-02201-TLN-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted September 15, 2017
San Francisco, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and WHALEY,[**]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

California state prisoner William Dye appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for attempted murder.[1]

1. Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may only grant habeas relief when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established federal law," as determined by the United States Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (per curiam). When a state court does not provide an explanation for denying a habeas petition, as is the case here, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86 (2011). This burden requires a showing "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Petitioner asserts that Christopher Johns, the primary eyewitness, lied in his testimony before the jury. Even assuming that Johns lied about whether he ever discussed his pending drug charges in the same conversation as Petitioner's case,

---

[1] Appellant's motion to file a supplemental excerpt of record is hereby GRANTED.

the fact most suggested by the record, it was not unreasonable for the California state court to have found this harmless in light of the amount of evidence presented at trial against Petitioner.

2. The district court also refused to issue a subpoena for a CD recording of a conversation between Johns and law enforcement in March 2009. Generally, a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In circumstances "as law and justice require," however, the court may "fashion appropriate modes of procedure." *Id.* (quoting *Harris v. Nelson*, 394 U.S. 286, 299, 300 (1969) (internal quotation marks omitted)). Further, Rule 6 of the Rules Governing § 2254 Cases provides that a judge in the exercise of his discretion and for good cause shown may grant discovery procedures available under the Federal Rules of Civil Procedure. *See also Bracy*, 520 U.S. at 904. We find there was no abuse of discretion in the denial of Petitioner's request for a subpoena.

**AFFIRMED.**